## HADDAD v. ENDOM'S TRANSFER & STORAGE GARAGE et al.

### No. 4571.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Munholland & Munholland, of Monroe, for appellants.

Joseph S. Guerriero, of Monroe, for appellee.

MILLS, Judge.

According to the testimony of the brother of plaintiff and two disinterested eyewitnesses, at about 9:30 a. m., on the 18th day of July, 1932, plaintiff's car was being driven by his brother at a moderate rate of speed in an easterly direction down DeSiard street, a right of way street, in the city of Monroe, La. As the car approached the driveway leading into the Illinois Central Station, though the driver sounded his horn, a cab, carrying three negro bell hops employed by a local hotel, drove rapidly out of the driveway into his path. In an effort to avert a collision, the driver of plaintiff's car cut to the left. The cab continued on and at a point about midway of the street, struck the right front wheel of plaintiff's car, forcing and knocking it into a parked automobile standing on the north or opposite side of the street, causing damage to plaintiff's car, for which he seeks to recover in this action.

Defendant's driver, Perry Hayden, says that after picking the porters up, he drove to where the south line of DeSiard street crosses the station driveway and there brought his car to a stop; that before stopping he saw plaintiff's car less than a block away coming toward him down DeSiard street at a speed of about 35 miles per hour and heard him sound his horn; that despite this, he continued out into the path of the approaching car and collided with it at a point beyond the center of the street.

Taking the most favorable view of defendants' testimony, we are still of the opinion that the judgment of the lower court in favor of plaintiff is correct. Granting that defendant's driver stopped before entering DeSiard street, that fact alone does not relieve him from all further responsibility. The purpose of stopping before entering a right of-way street is to enable the driver to observe whether or not cars are approaching and whether or not it is safe for him to proceed out into the street.

Defendant's driver admits that before stopping he saw plaintiff's car coming at a rapid rate of speed and also heard the warning given by the sounding of his horn. To have proceeded out into the street directly in the path of this car at such a speed that he could not stop the cab until it had struck the approaching car beyond the center of the street, is gross negligence on the part of the driver of the cab.

The trial judge says that he does not believe the Endom cab stopped at the intersection, and, after giving excellent reasons for attaching no credence to the testimony of Hayden, says:

"The court does not believe that the Endom car—the defendant—stopped before entering DeSiard, but granting that it did stop, it quite obviously projected itself into the path of the oncoming Haddad car at a time to create a hazardous and perilous situation and the driver of the Haddad car had a right to endeavor to extricate himself from such perilous situation made by defendant's driver. The Haddad car was occupying the full right-of-way street; the defendant's car was coming off of an inferior—stop—street, therefore, the burden is against the defendant. No evidence of excessive speed of any value is in the record against the plaintiff's car. The law allows him to go 25 miles per hour and the court does not believe he was exceeding that speed. If the Haddad car had been going at a terrific speed as claimed, certainly the Endom car would have suffered more damage.

"The court believes that the Haddad car was being operated safely and prudently and it is firmly of the belief, after hearing all of the testimony and having a very clear and

definite understanding of the physical layout where the accident occurred, that the accident was caused by the sole negligence of the driver of defendant's car, Perry Hayden."

He found the plaintiff was only a half owner of the car and awarded him damages in the sum of $52.50, rejecting defendant's reconventional demand for the damage to its cab. The amount of this allowance is supported by the testimony and is not complained of by plaintiff.

 Plaintiff alleges in his petition that defendant is an ordinary partnership. There is no proof in the record to the contrary. The judgment as rendered is erroneous in holding the individual partners liable in solido with the partnership and the defendant Hayden. The liability of the individual members of an ordinary partnership is joint and not in solido.

The judgment is therefore amended so as to make the personal liability of the partners joint, and as amended, is affirmed; defendants to pay all costs of both courts.